### CITY OF NEW ORLEANS v. FASSMAN & YANCEY.

The profits realised from the use of a cotton press, drays and slaves, in carrying on the business of a cotton press, are not subject to taxation as " income," under the 3d and 4th sections of the Act of the Legislature of 1856, authorizing the city of New Orleans to tax real and personal property.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
W. O. Denègre, for plaintiffs. T. J. & A. G. Semmes, for defendants and appellants.

COLE, J. This is a suit for taxes alleged to be due to the city of New Orleans.

The only part of the tax bill which is opposed in this court, is that which assesses the income of defendants.

There was judgment for the city, and defendants have appealed.

" It is admitted that the defendants have no other joint property than the lease of a cotton press, the slaves engaged in the business of compressing cotton, the machinery incident thereto, and the drays, carts, mules, and implements connected with that business; that they are not the owners of all of the real estate on which the cotton press is situated, but of a portion thereof, viz, one of the yards; that they have no income except what is derived from this business, and which is the income upon which the tax is based."

The material question is, whether the revenues derivable from a cotton press are "income," within the meaning of the Act of 1856, "to authorize the corporation of the city of New Orleans, to tax real and personal property." Session Acts of 1856, p. 109.

This Act declares : That all real and personal property located within the corporate limits of the city of New Orleans, shall be liable to taxation, subject to the exemptions specified in this Act.

Sec. 2. That the term real property, as used in this Act, shall be construed to include land, slaves and buildings, machinery and structures of every kind, erected upon or affixed to the same.

Sec. 3. That the term personal property, as used in this Act, shall be construed to include all household furniture, silver plate, goods, capital, incomes, public stocks and stocks in corporations, moneyed or otherwise, and, generally, all property which is not real.

Sec. 4. That the term income, as used in this Act, shall be construed to include and be confined to all monies, salaries, wages, pay, commission, brokerage and fees received in compensation of services or labor rendered, and all revenues and dividends received upon stocks in money corporations not taxable under this Act.

We are of opinion that it was not the intention of the Legislature to tax real property under the term of land, slaves, &c., and then to tax under the term of incomes the profits realised from such land, slaves, &c.

It would be double taxation, first to tax property to the extent allowed by law, and then to tax the profits derived from such property.

The tax of three hundred dollars on income, but which is in reality a tax upon the revenues of the cotton press, cannot be allowed, because the compensation for compressing cotton is derived, not from the *personal* services of the owners of the press, in the sense of this statute, but from the use of the press, drays and slaves used in carrying on the business of a cotton press, which press, drays and slaves, have been already taxed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; and that the plaintiff recover from defendants eighty-two dollars and fifty cents, with one per cent. per month interest thereon, from the thirteenth day of July, 1858, until paid, and costs of the lower court, with privilege on the property described in the tax receipts sued on, for payment of the same ; and that plaintiff pay the costs of appeal.